PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

SAPNA MEHTA (CABN 288238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7478
    FAX: (415) 436-6748
    sapna.mehta@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT and CITY OF SANTA FE,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICORPS and JENNIFER BASTRESS TAHMASEBI, Interim Agency Head of AmeriCorps,<br><br>    Defendants. | Case No. 3:25-cv-02425-EMC<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER (DKT. NO. 38)** |

    Defendants respectfully submit this supplemental brief pursuant to the Court's April 7, 2025 Order (Dkt. No. 38) directing the parties to brief "the effect of Dep't of Educ. v. California, No. 24A910 (U.S. Apr. 4, 2025), if any, on this Court's subject matter jurisdiction over Plaintiffs' claims." The Supreme Court's recent decision in *Department of Education v. California* calls into question this Court's holding that "The Tucker Act did not bar its jurisdiction" (Dkt. No. 33 at 4) and supports Defendants' contention (Dkt. No. 30 at 11-13) that Plaintiffs cannot show their likelihood of success to justify the extraordinary preliminary relief that they requested because they have not established that this Court has subject matter jurisdiction over their suit.

On April 4, 2025, the Supreme Court stayed a temporary restraining order that, *inter alia*, enjoined a federal agency "from terminating various education-related grants" and required that it "pay out past-due grant obligations and to continue paying obligations as they accrue." *Dep't of Educ. v. California*, No. 24A910, 2025 WL 1008354, at *1 (U.S. Apr. 4, 2025). The Supreme Court concluded that the "District Court's 'basis for issuing the order [is] strongly challenged,' as the Government is likely to succeed in showing the District Court lacked jurisdiction" because jurisdiction over the plaintiffs' suit lies with the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). *Id.* (citation omitted). The Court's decision thus rejected the district court's and the First Circuit's analyses that "the 'essence' of the action was not contractual in nature since the source of the plaintiffs' rights was in federal statute and regulations and because the relief was injunctive in nature." *California v. U.S. Dep't of Educ.*, No. 25-cv-10548, 2025 WL 760825, at *1 (D. Mass. Mar. 10, 2025) (citation omitted); *California v. U.S. Dep't of Educ.*, No. 25-1244, 2025 WL 878431, at *2 (1st Cir. Mar. 21, 2025); *Dep't of Educ.*, 2025 WL 1008354, at *1.

The Supreme Court explained that its earlier decision in *Bowen v. Massachusetts*—which the First Circuit cited for the proposition that there was "no jurisdictional bar to the district court's TRO" (*California*, 2025 WL 878431, at *2) and which Plaintiffs in this case similarly cited as outcome determinative here (Dkt. No. 31 at 6)—is narrow. It does *not* extend to orders "'to enforce a contractual obligation to pay money'" like the obligations at issue in these types of grant enforcement cases. *Dep't of Educ.*, 2025 WL 1008354, at *1. The Court reiterated that "the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* (citing 28 U.S.C. § 1491(a)(1)).

The *Department of Education v. California* decision undermines the foundational basis of the preliminary relief afforded to Plaintiffs in this case: the threshold requirement that Plaintiffs establish the court's subject matter jurisdiction. Dkt. No. 30 at 9-10. Like here, the plaintiffs in the *California* case challenge actions regarding federal grants under the Administrative Procedure Act. Though the plaintiffs in the *California* case challenge terminated grants, which is not the case here, they also sought prospective relief in the form of an injunction on future terminations. *See California*, 2025 WL 760825, at *5. Plaintiffs themselves cited the action as an example of a purportedly "similar challenge[] to changes in

federal funding programs" when seeking a temporary restraining order. Dkt. No. 31 at 6-7. Moreover, Plaintiffs' requested temporary restraining order, which the Court entered, is materially similar to the order that the Supreme Court stayed in *Department of Education v. California*. Both orders impose terms that purport to arise from grant obligations. For example, the district court in *California* ordered the defendants to "restore Plaintiff States to the pre-existing status quo prior to the termination under all previously awarded . . . grants for recipients in Plaintiff States." *California*, 2025 WL 760825, at *5. Similarly, here, this Court ordered that Defendants shall not "pause, freeze, impede, block, cancel, or terminate AmeriCorps funding awards on the basis of recipients' continued operation, during the pendency of this TRO, of their AmeriCorps-funded programs as originally approved." Dkt. No. 33 at 11.

Ultimately, like the *California* case, Plaintiffs' requested preliminary injunctive relief is, in essence, an enforcement of "a contractual obligation to pay money." *See Dep't of Educ.*, 2025 WL 1008354, at *1 (citation omitted). In granting the stay that the First Circuit had declined to grant, the Supreme Court impliedly rejected the argument (that Plaintiffs made here) that claims to enforce purported federal grant obligations are "at their core, assertions that the [agency] acted in violation of federal law -- not its contracts." *See California*, 2025 WL 878431, at *2. Indeed, it is Plaintiffs' grants themselves that give rise to any obligation to fund Plaintiffs' programs, the temporary relief sought. Thus, the Supreme Court's decision questioning the district court's jurisdiction for issuing such an order equally applies here. *See Dep't of Educ.*, 2025 WL 1008354, at *1.

DATED: April 9, 2025                        Respectfully submitted,

                                                                PATRICK D. ROBBINS
                                                                Acting United States Attorney

                                                                */s/ Sapna Mehta*
                                                                SAPNA MEHTA
                                                                Assistant United States Attorney