# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK; STATE OF CALIFORNIA; STATE OF ILLINOIS; STATE OF RHODE ISLAND; STATE OF NEW JERSEY; COMMONWEALTH OF MASSACHUSETTS; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; THE DISTRICT OF COLUMBIA; STATE OF HAWAII; OFFICE OF THE GOVERNOR *ex rel.* ANDY BESHEAR, in his official capacity as Governor of the COMMONWEALTH OF KENTUCKY; STATE OF MAINE; STATE OF MARYLAND; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW MEXICO; STATE OF NORTH CAROLINA; STATE OF OREGON; STATE OF VERMONT; STATE OF WASHINGTON; and STATE OF WISCONSIN, <br><br> Plaintiffs, <br> v. <br><br> DONALD TRUMP, in his official capacity as President of the United States; U.S. OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as Director of the U.S. Office of Management and Budget; U.S. DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; PATRICIA COLLINS, in her official capacity as Treasurer of the United States; U.S. | C.A. No. 1:25-cv-39-JJM-PAS |

| |   |
|---|---|
| DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her official capacity as Secretary of Education; U.S. DEPARTMENT OF TRANSPORTATION; SEAN DUFFY, in his official capacity as Secretary of Transportation; U.S. DEPARTMENT OF LABOR; LORI CHAVEZ-DEREMER, in her official capacity as Secretary of Labor; U.S. DEPARTMENT OF ENERGY; CHRIS WRIGHT, in his official capacity as Secretary of Energy; U.S. ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency; U.S. DEPARTMENT OF THE INTERIOR; DOUG BURGUM, in his official capacity as Secretary of the Interior; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF JUSTICE; PAMELA BONDI, in her official capacity as Attorney General of the U.S. Department of Justice; THE NATIONAL SCIENCE FOUNDATION; DR. SETHURAMAN PANCHANATHAN, in his capacity as Director of the National Science Foundation; U.S. DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her official capacity as Secretary of Agriculture; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity as | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

2

| | |
|---|---|
| Secretary of Housing and Urban Development; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT; MARCO RUBIO, in his official capacity as Acting Administrator of the United States Agency for International Development; U.S. DEPARTMENT OF DEFENSE; PETER HEGSETH, in his official capacity as Secretary of Defense; U.S. DEPARTMENT OF VETERANS AFFAIRS; DOUG COLLINS, in his official capacity as Secretary of Veterans Affairs; U.S. DEPARTMENT OF COMMERCE; HOWARD LUTNICK, in his official capacity as Secretary of Commerce; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; JANET PETRO in her official capacity as Acting Administrator of National Aeronautics and Space Administration; CORPORATION FOR NATIONAL AND COMMUNITY SERVICE; JENNIFER BASTRESS TAHMASEBI, in her official capacity as Interim Head of the Corporation for National and Community Service; U.S. SOCIAL SECURITY ADMINISTRATION; LELAND DUDEK, in his official capacity as Acting Commissioner of United States Social Security Administration; U.S. SMALL BUSINESS ADMINISTRATION; and KELLY LOEFFLER, in her official capacity as Administrator of U.S. Small Business Administration,<br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

ORDER

The Court recently granted the Plaintiff States' Motion for Enforcement of the Court's March 6 Preliminary Injunction after finding that Defendant Federal Emergency Management Agency ("FEMA") was implementing a manual review process that violated the injunction. *See* ECF No. 175. The Defendants now bring this Motion for Reconsideration of the Court's Enforcement Order based on the Supreme Court's recent ruling on an emergency stay application in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025) (per curiam). The Defendants assert the ruling in *California* suggests that "this Court lacks jurisdiction to consider the Plaintiffs' enforcement motion relating to non-payment of various FEMA grants." ECF No. 176 at 3. Thus, the Defendants ask that the Court withdraw its Enforcement Order or stay the Order pending resolution of their appeal of the underlying Preliminary Injunction.[1] *Id.* at 1.

The States assert that the Defendants' request to reconsider is "flawed on multiple levels" because: (1) the Defendants never argued this position when opposing the Preliminary Injunction and thus, cannot "collateral[ly] attack" the Preliminary Injunction at this stage because they have appealed it; and (2) this Court's Enforcement Order is not an action to enforce a contract between the States and the Defendants, but rather it is an enforcement of the Court's Preliminary Injunction prohibiting a categorical freeze on obligated funds. *See* ECF No. 179 at 1-5.

---

[1] The First Circuit denied a stay of the Court's Preliminary Injunction. ECF No. 171.

4

After careful consideration, the Court DENIES the Defendants' Motion for Reconsideration and request for a stay of the Court's Enforcement Order.

I.  DISCUSSION

In *Department of Education v. California*, the Supreme Court stayed, pending appeal, a district court's temporary restraining order that enjoined the Government from terminating education-related grants. 2025 WL 1008354, at *2. When analyzing the relevant factors for granting a stay pending appeal, the Supreme Court held that "the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." *Id.* at *1. What is at issue here is the Supreme Court's assessment on jurisdiction. The Supreme Court highlighted that the APA's sovereign immunity waiver does not apply to claims seeking "money damages." *Id.* (citing 5 U.S.C. § 702). The Supreme Court reaffirmed its precedent indicating that "a district court's jurisdiction 'is not barred by the possibility' that setting aside agency's action may result in the disbursement of funds." *Id.* (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 (1988)). But the Supreme Court explained that the APA's immunity waiver "does not extend to orders 'to enforce a contractual obligation to pay money' along the lines of what the District Court ordered . . . ." *Id.* (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)). Rather, the Supreme Court noted that the "Tucker Act grants the Court of Federal Claims jurisdiction over suits based on 'any express or implied contract with the United States.'" *Id.* (quoting 28 U.S.C. § 1491(a)(1)).

5

On a surface level, the facts in the *California* case may appear to be generally analogous to the facts here, as both cases involve states challenging federal agencies' decision-making regarding appropriated federal funds, but the similarities end there. When the Court delves deeper, however, it finds several significant and relevant differences that underscore *California's* inapplicability to this case. In *California*, the First Circuit Court of Appeals determined that "the terms and conditions of each individual grant award" were "at issue." *California v. U.S. Dep't of Educ.*, 132 F.4th 92, 96-97 (1st Cir. 2025). On appeal, the Supreme Court then granted the Department's application for a stay because it concluded that the district court issued an order "to enforce a contractual obligation to pay money" and "the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA." *California*, 2025 WL 1008354, at *1. That is not the case here.

In this case, the terms and conditions of each individual grant that the States receive from the Agency Defendants *are not at issue*. Rather, this case deals with the Agency Defendants' implementation of a broad, categorical freeze on obligated funds *pending* determinations on whether it is lawful to end disbursements of such funds. The categorical funding freeze was not based on individualized assessments of any particular grant terms and conditions or agreements between the Agency Defendants and the States; it was based on the OMB Directive and the various Executive Orders that the President issued in the early days of the administration. Therefore, the

6

Court's orders addressing the categorical funding freeze were *not* enforcing a contractual obligation to pay money.[2]

This is particularly true with the Court's Enforcement Order, which is the target of the Defendants' Motion to Reconsider. Specifically, the Court did not, and was not required to, review and analyze the contractual obligations or any provision of the agreements between FEMA and the States. This matter is a claim about process, not damages. Thus, the action the Court enjoined was the implementation of that categorical freeze—*not* action that breached any specific contract-like agreements.

In any event, the Supreme Court's ruling in *California* was made in the context of an emergency application for a stay pending appeal. In that procedural posture, the Supreme Court relied on "barebones briefing, no argument, and scarce time for reflection" when applying a likelihood of success standard to the Government's application—engaging in a limited analysis of *Bowen* and *Great-West* and a perfunctory discussion of jurisdictional issues, which does not appear to fully resolve the jurisdiction issues here. *Id.* at *2 (Kagan, J., dissenting). Rather, *Bowen* is the guiding compass here, as the case instructs the Court to carefully scrutinize the

---

[2] *California's* suggestion that the Court of Claims has jurisdiction over similar claims does not apply here for another critical reason. The Court of Claims, an Article I court, would not have the powers to adjudicate the States' claims because it generally does not have equitable jurisdiction—therefore the States could not seek equitable relief from the categorical funding freeze in the Court of Claims. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) (citations omitted) (the United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers.").

7

States' claims and requests for relief to decide whether: (1) the Court has jurisdiction under the APA, or (2) the Court of Claims has jurisdiction under the Tucker Act.

Recall that the APA's sovereign immunity waiver does not apply to claims for "money damages." 5 U.S.C. § 702. What *Bowen* affirms is that, even if a court's enforcement order can be "construed in part as orders for the payment of money by the Federal Government to the State, such payments are not 'money damages'" precluded under the APA. *Bowen*, 487 U.S. at 910. The Court's Enforcement Order—and underlying Preliminary Injunction—do not grant "money damages" because money damages are a remedy at law that "provide[s] relief that substitutes for that which ought to have been done." *Id.* The Court's orders do not provide monetary relief that is a *substitute* for the harm the States experience from the categorical funding freeze. Instead, the Court's orders provide *specific relief*, as they "undo the [Agency Defendants' acts effecting a categorical freeze of federal funds obligated to] the State[s]." *Id.* That the Court's orders could give rise to the disbursement of funds to the States does not bar its jurisdiction under the APA—particularly when, as here, such disbursements are a "mere by-product" of the Court's "primary function" of reviewing the Agency Defendants' "interpretation of federal law" and regulation. *Id.* Accordingly, *Bowen* makes clear that the Court has jurisdiction, under the APA, to set aside FEMA's actions pursuant to its Preliminary Injunction.

Additionally, the Supreme Court's limited ruling in *California* does not require this Court to reconsider its prior rulings for other reasons. Unlike in *California*, there is no indication in this case that the States could not or would not pay the money back

8

if so ordered. This Court cited extensive irreparable harm if the Preliminary Injunction and Enforcement Order were not issued, unlike in *California*, where the Supreme Court found that the "Government compellingly argues that [the plaintiff states] would not suffer irreparable harm." *California*, 2025 WL 1008354, at *1. Thus, the significant distinctions render the Supreme Court's holding in *California* inapplicable to the facts here.

Thus, the Court DENIES the Defendants' Motion for Reconsideration of the Court's Enforcement Order. ECF No. 176. Additionally, the Court DENIES the Defendants' alternative request for a stay pending appeal of the Court's Enforcement Order because that order is not appealable. As concluded above, the Court merely enforced its March 6, 2025 Preliminary Injunction when instructing FEMA to cease actions that violated its plain terms. The Court did not modify the injunction to make the Enforcement Order appealable under 28 U.S.C. § 1292(a)(1). Finally, the Court dissolves the administrative stay it imposed while it considered this Motion to Reconsider (Text Order, Apr. 7, 2025) and reinstates the Enforcement Order. ECF No. 175.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

April 14, 2025