DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
MOLLY J. ALARCON, SBN 315244
Deputy City Attorney
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA  94102-5402
Telephone:     (415) 554-3894
Facsimile:     (415) 437-4644
E-Mail:        molly.alarcon@sfcityatty.org

*Attorneys for Plaintiff*
SAN FRANCISCO UNIFIED
SCHOOL DISTRICT

WILLKIE FARR & GALLAGHER LLP
BENEDICT Y. HUR, SBN 224018
bhur@willkie.com
SIMONA AGNOLUCCI, SBN 246943
sagnolucci@willkie.com
EDUARDO E. SANTACANA, SBN 281668
esantacana@willkie.com
STEPHEN HENRICK, SBN 310539
shenrick@willkie.com
ALYXANDRA VERNON, SBN 327699
avernon@willkie.com
MICHAEL MORIZONO, SBN 359395
mmorizono@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:     (415) 858-7400

*Attorneys for Plaintiff*
SAN FRANCISCO UNIFIED
SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT; CITY OF SANTA FE,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>AMERICORPS (a.k.a. the CORPORATION FOR NATIONAL AND COMMUNITY SERVICE); JENNIFER BASTRESS TAHMASEBI in her official capacity as Interim Agency Head of AmeriCorps,<br><br>　　　　Defendants. | Case No. 3:25-cv-02425-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　May 30, 2025<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 5 – 17th Floor<br>Judge:　　Hon. Edward M. Chen |

The parties hereby submit the following joint case management statement in advance of the case management conference scheduled for Friday, May 30, 2025.

**1.     Jurisdiction and Service**

Plaintiffs submit that this Court has subject matter jurisdiction under 28 U.S.C.§ 1331 (federal constitutional and statutory claims) and 28 U.S.C. §§ 2201(a) and 2202 (declaratory relief). The Court decided it has subject matter jurisdiction in its April 23, 2025 Order on Subject Matter Jurisdiction (Dkt. No. 48). Defendants maintain that the Court lacks subject matter jurisdiction because the Court lacks jurisdiction to review discretionary grantmaking decisions under 5 U.S.C. § 701(a)(2) and because exclusive jurisdiction lies in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491. There are no issues concerning personal jurisdiction or service.

**2.     Facts**

Plaintiffs San Francisco Unified School District and the City of Santa Fe, New Mexico allege that Defendant AmeriCorps, a federal agency that provides grant funding for Plaintiffs' federally funded programs, issued new grant conditions on February 13, 2025, which applied to Plaintiffs' existing AmeriCorps grant funding and any future awards. Plaintiffs allege that these grant conditions require Plaintiffs to certify that they comply with all new presidential executive orders issued by the Trump Administration and that Plaintiffs do not engage in "activities that promote DEI activities." Defendants contend that AmeriCorps' February 13, 2025 memorandum to grant recipients titled "Executive Order Compliance Instructions" are not new grant conditions, but instead are instructions to AmeriCorps' grantees to bring their federal grants into compliance with executive orders, consistent with AmeriCorps' existing conditions for its discretionarily awarded federal funding.

**3.     Legal Issues**

Plaintiffs allege that the conditions requiring Plaintiffs' compliance with new executive orders and prohibiting "activities that promote DEI activities" violate the separation of powers (Count I), violate the Spending Clause (Count II), and violate the Administrative Procedure Act (APA) because they are arbitrary and capricious (Count III), contrary to the constitution (Count IV), and in excess of statutory authority (Count V). Plaintiffs also seek declaratory relief (Count VI). Defendants contend that the threshold legal issue in this case is whether the Court has subject matter jurisdiction over

Plaintiffs' claims. Defendants contend that the following issues in dispute will also be among the key legal issues that will arise in this case: (a) Plaintiffs do not assert a viable constitutional claim, (b) Congress' spending power was not exceeded, (c) Plaintiffs' claims are not reviewable under the APA, and (d) AmeriCorps' Instructions do not contravene the APA.

**4.   Motions**

Plaintiffs filed a Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue on March 11, 2025 (Dkt. No. 18), one day after filing their Complaint (Dkt. No. 1). The Court issued a Temporary Restraining Order on March 31, 2025 (Dkt. No. 33), which remains in effect (Dkt. No. 37). On April 23, 2025, the Court issued an Order on Subject Matter Jurisdiction explaining its determination that it has subject matter jurisdiction over Plaintiffs' claims (Dkt. No. 48). On April 29, 2025, Defendants filed a Response To Order To Show Cause And Opposition To A Preliminary Injunction (Dkt. No. 49). On March 13, 2025, Plaintiffs filed a Reply in Support of Motion for Preliminary Injunction (Dkt. No. 50). A hearing on Plaintiffs' motion for preliminary injunction is scheduled for May 30, 2025 at 9:00 a.m., the same morning as the case management conference.

Defendants propose that the parties file short supplemental briefs on Plaintiffs' separation of powers claim—which was not briefed in connection with the motions for preliminary relief—and that, thereafter, further proceedings are not necessary before the entry of final judgment in this matter. Defendants submit that the Court may enter final judgment based on the supplemental briefs, and the filings and oral arguments pertaining to the Motion for a Temporary Restraining Order and Plaintiffs' request for a Preliminary Injunction. Defendants propose proceeding in this manner because Plaintiffs' claims present legal questions that require no further factual development for resolution.

Plaintiffs are considering Defendants' proposal (which was first shared with them on May 20) and will be prepared to discuss it at the case management conference.

If the Court finds it necessary, however, the parties anticipate filing cross motions for summary judgment under Local Rule 16-5 (regarding cases decided on the administrative record). Prior to any summary judgment motion, the parties anticipate that Defendants will prepare and file the administrative record and an answer. Plaintiffs reserve the right to challenge or supplement

Defendants' administrative record. The timing of these steps may be extended if Defendants appeal any preliminary injunction issued in this case. If appeal is authorized by the Solicitor General, Defendants may seek to stay some or all trial court proceedings pending disposition of the appeal (which Plaintiffs plan to oppose). The parties agree to meet and confer regarding the schedule for filing the administrative record, any objections or motions to supplement the record, Defendants' answer(s), and any motions or cross-motions for summary judgment.

**5.     Amendment of Pleadings**

The parties do not anticipate any amended pleadings at this time.

**6.     Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence. Defendants have informed Plaintiffs that they have litigation holds in place, are currently compiling the administrative record, and do not intend to seek discovery from Plaintiffs.

**7.     Disclosures**

The parties agree that because they intend to proceed under Local Rule 16-5 at this time, they are exempt from the initial disclosures requirement of Fed. R. Civ. P. 26.

**8.     Discovery**

The parties do not anticipate discovery in this matter. See also #6, above.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

The parties are not aware of any related cases.

**11.    Relief**

Plaintiffs prayed for the following relief regarding the new conditions (the "AmeriCorps Directive"):

1. A declaration that the AmeriCorps Directive is unconstitutional and invalid;

2. A declaration that Defendants cannot withhold Plaintiffs' AmeriCorps funds on the basis of

the AmeriCorps Directive, any executive order signed after the execution date of Plaintiffs' grant agreements, or any grant amendments purporting to incorporate those executive orders;

3. A declaration that the Anti-Gender Order, the Jan. 20 Anti-DEI Order, the Jan. 21 Anti-DEI Order, and Unleashing American Energy do not impose any obligations on Plaintiffs because they are directed solely to executive agencies and officials;

4. An order vacating the AmeriCorps Directive under 5 U.S.C. § 706;

5. An order directing Defendants to restore the original grant conditions for Plaintiffs' AmeriCorps grants;

6. A preliminary and permanent injunction enjoining Defendants from taking any steps to implement or enforce the AmeriCorps Directive;

7. A preliminary and permanent injunction enjoining Defendants from taking any steps to implement or enforce the new grant conditions;

8. Award the Plaintiffs reasonable costs and attorneys' fees; and

9. Grant any other further relief that the Court deems fit and proper.

Defendants seek judgment in their favor, dismissal, and costs.

**12.　Settlement and ADR**

The parties discussed settlement and ADR and have reviewed Local Rule 3-5. While the parties remain open to informal discussions to resolve this matter, they do not believe formal ADR would be fruitful at this time.

**13.　Other References**

Not applicable.

**14.　Narrowing of Issues**

The parties met and conferred regarding ways to narrow the issues in this case. The parties believe that because the issues in this case are already fairly narrow legal questions capable of resolution on summary judgment, there would be little benefit to deciding any issue piecemeal.

**15.　Scheduling**

Defendants informed Plaintiffs that if the Court grants a preliminary injunction and if an appeal is authorized by the Solicitor General, Defendants may seek a stay of any trial court proceedings

pending disposition of the appeal given the jurisdictional issues in dispute. Plaintiffs reserve the right to oppose any stay request made to this Court. Therefore, at this time, the parties believe that setting a case schedule is premature. As discussed above, Defendants propose that the Court may proceed and enter final judgment after short supplemental briefing on Plaintiffs' separation of powers claim, but—if the Court determines that further proceedings are necessary to reach judgment—the parties currently intend to proceed under Local Rule 16-5, but reserve the right to stipulate to modifications of the schedule set forth in that rule.

### 16. Trial

The parties do not believe a trial is needed, as the issues in this case are capable of resolution via summary judgment.

### 17. Disclosure of Non-party Interested Entities or Persons

The parties are governmental entities and officials; therefore, Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not apply.

### 18. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other Matters

The parties have no other matters to report.

Dated: May 20, 2025

                                          DAVID CHIU
                                          City Attorney, City and County of San Francisco
                                          YVONNE R. MERÉ
                                          Chief Deputy City Attorney
                                          MOLLIE M. LEE
                                          Chief of Strategic Advocacy
                                          SARA J. EISENBERG
                                          Chief of Complex and Affirmative Litigation
                                          MOLLY J. ALARCON
                                          Deputy City Attorney

                               By: */s/ Molly J. Alarcon*
                                          MOLLY J. ALARCON
                                          Deputy City Attorney

|   |   |
|---|---|
|   | WILLKIE FARR & GALLAGHER LLP<br>Benedict Hur<br>Simona Agnolucci<br>Eduardo Santacana<br>Stephen Henrick<br>Alyxandra Vernon<br>Michael Morizono<br><br>Attorneys for Plaintiff<br>CITY AND COUNTY OF SAN FRANCISCO |
| By: | */s/ Erin K. Sherry*<br>ERIN K. MCSHERRY\*<br>City Attorney City of Santa Fe, New Mexico<br>200 Lincoln Ave Santa Fe, NM 87501<br>505-955-6512<br>ekmcsherry@santafenm.gov<br><br>Jill Habig, SBN 268770<br>Jonathan B. Miller\*<br>Public Rights Project<br>490 43rd Street, Unit #115<br>Oakland, CA 94609<br>(510) 738-6788<br>jon@publicrightsproject.org<br><br>Attorneys for Plaintiff<br>CITY OF SANTA FE, NEW MEXICO<br><br>\* Admitted pro hac vice<br><br><br>PATRICK D. ROBBINS<br>Acting United States Attorney |
| By: | */s/ Sapna S. Mehta*<br>SAPNA S. MEHTA<br>Assistant United States Attorney<br><br>Attorney for DEFENDANTS |

JOINT CASE MANAGEMENT STATEMENT  
CASE NO. 3:25-cv-02425-EMC

7

n:\cxlit\li2025\250825\01841979.docx

**FILER'S ATTESTATION**

I, MOLLY J. ALARCON, am the ECF user whose identification and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that the other above-named signatories concur in this filing.