CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

SAPNA MEHTA (CABN 288238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7478
    FAX: (415) 436-6748
    sapna.mehta@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT and CITY OF SANTA FE,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICORPS and JENNIFER BASTRESS TAHMASEBI, Interim Agency Head of AmeriCorps,<br><br>    Defendants. | Case No. 3:25-cv-02425-EMC<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants AmeriCorps (a.k.a. the Corporation for National and Community Service) and Jennifer Bastress Tahmasebi in her official capacity as Interim Agency Head of AmeriCorps hereby answer Plaintiffs' Complaint for Declaratory and Injunctive Relief (Dkt. 1) in the captioned matter as follows:

**INTRODUCTION[1]**

---

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of Plaintiffs' Complaint. Defendants do not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated.

1. Defendants admit that the cited statutory provision in the first sentence of paragraph 1 governs AmeriCorps Seniors grants. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in the second sentence of paragraph 1 and on that basis deny them.

2. Defendants admit the first sentence of paragraph 2 with regard to Plaintiff City of Santa Fe (Santa Fe). Defendants deny the remaining allegations contained in the first sentence of paragraph 2. Defendants admit that they reviewed and approved grants for Plaintiff City of Sante Fe and non-party California Volunteers, the State service commission from which Plaintiff San Francisco Unified School District (SFUSD) received a subgrant to provide programs to seniors and children, respectively. Defendants deny the remaining allegations contained in the second sentence of paragraph 2.

3. Defendants deny the allegations contained in sentence 1 of paragraph 3. Defendants deny the allegations contained in sentence 2 of paragraph 3.

4. Paragraph 4 consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 4.

5. Paragraph 5 consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 5.

6. Paragraph 6 consists of legal conclusions to which no response is required.

7. Paragraph 7 is a prayer for relief to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 7 and deny that Plaintiffs are entitled to any relief.

**JURISDICTION AND VENUE**

8. Paragraph 8 consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 8.

9. Paragraph 9 consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 9 and on that basis deny them.

**INTRADISTRICT ASSIGNMENT**

10. Paragraph 10 consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 10 and on that basis deny them.

## PARTIES

11. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 11 and on that basis deny them.

12. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 12 and on that basis deny them.

13. Defendants admit that AmeriCorps, also known as the Corporation for National and Community Service, is an executive agency of the United States government created under 42 U.S.C. § 12651. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in the second sentence in paragraph 13 and on that basis deny them.

14. Defendants admit the allegations in paragraph 14.

## FACTUAL ALLEGATIONS

15. Defendants admit the allegations in paragraph 15.

16. Defendants deny the quoted provision in sentence 1 of paragraph 16 is an explanation of why AmeriCorps was established; rather, the quoted provision is the purpose of the Domestic Volunteer Services Act of 1973, as amended, one of AmeriCorps' authorizing statutes. Defendants admit the allegation in sentence 2 only to the extent it describes AmeriCorps' authority to make grants to carry out the national service programs described in 42 U.S.C. § 12572(a), (b), and (c).

17. The allegations in paragraph 17 consist of Plaintiffs' characterizations and legal conclusions of statutes to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statutes for a full and accurate statement of their contents.

18. Defendants admit the allegation in sentence 2 of paragraph 18 to the extent that some AmeriCorps participants are called "members." The remaining allegations in paragraph 18 consist of Plaintiffs' characterizations and legal conclusions of statutes and regulations to which no response is

required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statutes and regulations for a full and accurate statement of their contents.

19. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 19 and on that basis deny them.

20. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 20 and on that basis deny them.

21. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 21 and on that basis deny them.

22. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 22 and on that basis deny them.

23. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 23 and on that basis deny them.

24. Defendants admit sentence 1 of paragraph 24 to the extent that SFUSD has obtained AmeriCorps grant funds through the California State Commission, California Volunteers. Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 24 and on that basis deny them.

25. Defendants admit sentence 1 of paragraph 25 to the extent that the Complaint's Exhibit 1 reflects that Plaintiff SFUSD received a $667,194 subgrant from California Volunteers to fund Healthy Choices AmeriCorps. Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 25 and on that basis deny them.

26. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 26 and on that basis deny them.

27. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 27 and on that basis deny them.

28. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 28 and on that basis deny them.

29. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 29 and on that basis deny them.

30. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 30 and on that basis deny them.

31. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 31 and on that basis deny them.

32. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 32 and on that basis deny them.

33. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 33 and on that basis deny them.

34. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 34 and on that basis deny them.

35. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 35 and on that basis deny them.

36. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 36 and on that basis deny them.

37. Defendants admit paragraph 37.

38. Defendants admit sentence 1 of paragraph 38. Defendants admit the remainder of paragraph 38 to the extent that it reflects that AmeriCorps issued a notice of grant award in the amount of $38,013 for Plaintiff Santa Fe's Foster Grandparent Program for the period of July 1, 2024 through June 30, 2025.

39. Defendants admit paragraph 39.

40. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 40 and on that basis deny them.

41. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 41 and on that basis deny them.

42. Defendants admit sentence 1 of paragraph 42. Defendants admit the remainder of paragraph 42 to the extent that AmeriCorps provided $2,500 in grant funding for Plaintiff Santa Fe's Senior Companion Program the period of July 1, 2024 through June 30, 2025.

43. Defendants admit paragraph 43.

44. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 44 and on that basis deny them.

45. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 45 and on that basis deny them.

46. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 46 and on that basis deny them.

47. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 47 and on that basis deny them.

48. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 48 and on that basis deny them.

49. Defendants admit sentence 1 of paragraph 49.  Defendants admit sentence 2 of paragraph 49 to the extent that it reflects that AmeriCorps issued a notice of grant award in the amount of $52,500 for Plaintiff Santa Fe's RSVP program for the period of April 1, 2024 through March 31, 2025. Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 49 and on that basis deny them.

50. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 50 and on that basis deny them.

51. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 51 and on that basis deny them

52. Defendants admit AmeriCorps prepared "Executive Order Compliance Instructions" dated February 13, 2025, but clarifies that it did not issue the document to grant recipients until February 14, 2025.  The remaining allegations in paragraph 52 consist of Plaintiffs' characterization of the Instructions to which no response is required.  To the extent that a response is deemed required, Defendants deny the remaining allegations in paragraph 52.

53. Defendants admit paragraph 53.

54. The allegations in paragraph 54 consist of Plaintiffs' characterization of the Instructions to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the Instructions for a full and accurate statement of their contents.

55. Defendants admit paragraph 55.

56. The allegations in paragraph 56 consist of Plaintiffs' characterization of the Instructions to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the Instructions for a full and accurate statement of their contents.

57. Defendants admit sentence 1 of paragraph 57. Defendants deny the remaining allegations in paragraph 57.

58. Defendants admit paragraph 58 to the extent the Executive Order Compliance Instructions required California Volunteers to instruct certain identified subapplicants to stop all noncompliant activities, immediately initiate an amendment in eGrants to remove the noncompliant language and/or activities from their application, or relinquish the award if the program chooses not to amend its grant to bring it into compliance.

59. Defendants admit sentence 1 of paragraph 59. The bulleted text in paragraph 59 consists of Plaintiffs' characterizations of the Executive Orders to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the Executive Orders for a full and accurate statement of their contents.

60. Defendants admit sentence 1 of paragraph 60 but assert that the executive orders impose requirements indirectly on Plaintiffs. The allegations in sentence 2 of paragraph 60 consist of Plaintiffs' characterization of the Instructions to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the Instructions for a full and accurate statement of its contents. Defendants admit sentence 3 of paragraph 60.

61. Defendants admit that the "Executive Order Compliance Instructions" omitted the phrase "that violate any applicable Federal anti-discrimination laws" but AmeriCorps updated the certification in the AmeriCorps grant management system in which grant recipients certify to include this phrase. Defendants deny the remaining allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants admit that AmeriCorps identified potentially non-compliant grants for follow-up by searching grant narratives for certain terms. Defendants deny the remaining allegations in paragraph 63.

64. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in sentence 1 of paragraph 64 and on that basis deny them. Defendants deny sentence 2 of paragraph 64.

65. Sentence 1 of paragraph 65 contains Plaintiffs' characterization of unspecified statutes to which no response is required. Defendants admit the remaining allegations in paragraph 65 to the extent the Fiscal Year (FY) 2024 AmeriCorps State and National Competitive Grants Notice of Funding Opportunity required State Commission applicants to include the cited information.

66. Defendants admit paragraph 66 to the extent Plaintiffs provided information on their "Commitment to Diversity, Equity, Inclusion, and Accessibility" in response to requirements in the Notice of Funding Opportunity published for their respective AmeriCorps programs.

67. Sentence 1 of paragraph 67 consist of Plaintiffs' characterizations and legal conclusions of terms and conditions to which no response is required. Defendants admit sentence 2 of paragraph 67.

68. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 68 and on that basis deny them.

69. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 69 and on that basis deny them.

70. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 70 and on that basis deny them.

71. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 71 and on that basis deny them.

72. Defendants deny paragraph 72.

73. Defendants admit paragraph 73 to the extent that Plaintiff SFUSD obtained a one-day extension to respond to the Executive Order Compliance Instructions. Defendants deny the remaining allegations of paragraph 73.

74. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 74 and on that basis deny them.

75. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in sentences 1 through 4 of paragraph 75 and on that basis deny them. Defendants deny sentence 5 of paragraph 75.

76. Defendants deny the first sentence of paragraph 76. Defendants admit the second sentence of paragraph 76. The remaining allegations in paragraph 76 consist of Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

77. Defendants deny paragraph 77.

78. Defendants admit sentence 1 of paragraph 78. The remaining allegations in paragraph 78 consist of Plaintiffs' characterizations of the notices to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations.

79. Defendants admit paragraph 79.

80. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 80 and on that basis deny them.

81. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 81 and on that basis deny them.

82. The allegations in paragraph 82 consist of Plaintiffs' characterizations of the Instructions to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the Instructions for a full and accurate statement of their contents.

83. Defendants admit paragraph 83 but note that the agency's communication contained a typographical error in the date.

84. Defendants deny paragraph 84 and state that it corrected the typographical error in the date.

85. Defendants admit paragraph 85.

86. Defendants admit paragraph 86.

87. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained paragraph 87 and on that basis deny them.

88. Defendants deny paragraph 88.

89. Defendants lack sufficient knowledge or information to confirm or deny paragraph 89.

90. Defendants deny paragraph 90 because nothing in Plaintiff SFUSD's grant narrative indicates that AmeriCorps members provide primary support for the clubs described.

91. Defendants deny paragraph 91 because nothing in Plaintiff SFUSD's grant narrative indicates that Plaintiff SFUSD has used AmeriCorps grant funds to provide AmeriCorps members with training not in compliance with the executive orders.

92. Defendants deny paragraph 92 because nothing in Plaintiff SFUSD's grant narrative indicates Plaintiff SFUSD considers students' and mentor's "racial or ethnic background, gender identity, or sexual orientation" when pairing students with mentors.

93. Defendants deny paragraph 93.

94. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 94 and on that basis deny them.

95. Defendants deny paragraph 95.

96. Defendants deny paragraph 96.

97. Defendants deny paragraph 97.

98. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in sentences 1 and 2 of paragraph 98 and on that basis deny them. Defendants deny sentence 3 of paragraph 98.

99. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in sentences 1 through 4 of paragraph 99 and on that basis deny them. Defendants deny sentence 5 of paragraph 99.

100. Defendants deny paragraph 100.

101. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 101 and on that basis deny them.

102. Defendants deny paragraph 102.

103. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 103 and on that basis deny them.

104. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 104 and on that basis deny them.

105. Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in sentence 1 of paragraph 105 and on that basis deny them. Defendants deny sentence 2 of paragraph 105.

## CAUSES OF ACTION

### COUNT ONE

### SEPARATION OF POWERS

106. Defendants incorporate by reference their responses to paragraphs 1 through 105 as though set forth fully herein.

107. Paragraph 107 consists of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to Article 1 of the U.S. Constitution for a full and accurate statement of its contents.

108. Defendants deny paragraph 108.

109. Defendants deny paragraph 109.

### COUNT TWO

### SPENDING CLAUSE

110. Defendants incorporate by reference their responses to paragraphs 1 through 109 as though set forth fully herein.

111. Defendants deny paragraph 111, including subparagraphs a through c.

### COUNT THREE

### SUBSTANTIVE VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706(2)(A)

### (ARBITRARY AND CAPRICIOUS)

112. Defendants incorporate by reference their responses to paragraphs 1 through 111 as though set forth fully herein.

113. The allegations in paragraph 113 consist of Plaintiffs' characterizations of statutes to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statutes for a full and accurate statement of their contents.

114. The allegations in paragraph 114 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited cases for a full and accurate statement of their contents.

115. Defendants admit AmeriCorps is an "agency" as defined in the Administrative Procedure Act ("APA"), 5 U.S.C. § 551(1). Defendants deny the Executive Order Compliance Instructions constitute a final agency action subject to review under the APA.

116. The allegations in paragraph 116 consist of legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited case for a full and accurate statement of its contents.

117. Defendants deny paragraph 117.

118. Defendants deny paragraph 118.

119. Defendants deny paragraph 119.

120. Defendants deny sentence 1 of paragraph 120. Sentence 2 of paragraph 120 contains Plaintiffs' characterization of unspecified statutes to which no response is required. Defendants admit the remaining allegations in sentence 2 of paragraph 120. Defendants deny sentence 3 of paragraph 120.

121. Defendants deny paragraph 121.

122. Defendants deny paragraph 122.

123. Paragraph 123 is a prayer for relief to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 123 and deny that Plaintiffs are entitled to any relief.

## COUNT FOUR

## SUBSTANTIVE VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT,

## 5 U.S.C. § 706(2)(B)

## (CONTRARY TO THE CONSTITUTION)

124. Defendants incorporate by reference their responses to paragraphs 1 through 123 as though set forth fully herein.

125. The allegations in paragraph 125 consist of Plaintiffs' characterization of a statute to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its content.

126. Defendants deny sentence 1 of paragraph 126. The remainder of paragraph 126 is a prayer for relief to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 126 and deny that Plaintiffs are entitled to any relief.

## COUNT FIVE

## SUBSTANTIVE VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT,

## 5 U.S.C. § 706(2)(C)

## (IN EXCESS OF STATUTORY AUTHORITY)

127. Defendants incorporate by reference their responses to paragraphs 1 through 126 as though set forth fully herein.

128. The allegations in paragraph 128 consist of Plaintiffs' characterization of a statute to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

129. The allegations in paragraph 129 consist of Plaintiffs' characterizations and legal conclusions to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the Court to the cited cases for a full and accurate statement of their contents.

130. Defendants deny paragraph 130.

131. Defendants deny paragraph 131 because Congress has granted to AmeriCorps the authority to make grants in its discretion under 42 U.S.C. §§ 5001(a), 5011(a), 5013(a), 12571(a).

132. Paragraph 132 is a prayer for relief to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 132 and deny that Plaintiffs are entitled to any relief.

## COUNT SIX

**DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

133. Defendants incorporate by reference their responses to paragraphs 1 through 132 as though set forth fully herein.

134. Defendants deny paragraph 134.

135. Defendants deny paragraph 135.

136. Paragraph 136 is a prayer for relief to which no response is required. To the extent that a response is deemed required, Defendants deny the allegations in paragraph 136 and deny that Plaintiffs are entitled to any relief.

The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief to which no response is required. To the extent a response is deemed required, Defendants deny them and deny that Plaintiffs are entitled to the requested relief or to any relief.

Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation contained in Plaintiffs' Complaint.

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint and as separate affirmative defenses, Defendants allege as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' Complaint.

**THIRD DEFENSE**

At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.

**FOURTH DEFENSE**

Defendants did not violate any Constitutional, statutory, or regulatory provision.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to attorneys' fees or costs.

Defendants reserve the right to amend their Answer to assert additional defenses in the event

other developments indicate it would be appropriate.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants respectfully request that:

1. Plaintiffs take nothing by reason of the Complaint;
2. Judgment be entered in favor of Defendants and against Plaintiffs; and
3. The Court grant such other relief as it deems just and proper.

DATED: September 19, 2025                    Respectfully submitted,

                                             CRAIG H. MISSAKIAN
                                             United States Attorney

                                             */s/ Sapna Mehta*
                                             SAPNA MEHTA
                                             Assistant United States Attorney