| | |
|---|---|
| DAVID CHIU, SBN 189542<br>City Attorney<br>YVONNE R. MERÉ, SBN 175394<br>Chief Deputy City Attorney<br>MOLLIE M. LEE, SBN 251404<br>Chief of Strategic Advocacy<br>SARA J. EISENBERG, SBN 269303<br>Chief of Complex and Affirmative Litigation<br>MOLLY J. ALARCON, SBN 315244<br>Deputy City Attorney<br>Fox Plaza<br>1390 Market Street, 7th Floor<br>San Francisco, CA 94102-5402<br>Telephone:    (415) 554-3894<br>Facsimile:     (415) 437-4644<br>E-Mail:         molly.alarcon@sfcityatty.org<br><br>Attorneys for Plaintiff<br>SAN FRANCISCO UNIFIED<br>SCHOOL DISTRICT<br><br>*[additional counsel on signature page]* | COOLEY LLP<br>BENEDICT Y. HUR, SBN 224018<br>bhur@cooley.com<br>SIMONA AGNOLUCCI, SBN 246943<br>sagnolucci@cooley.com<br>EDUARDO E. SANTACANA, SBN 281668<br>esantacana@cooley.com<br>THILINI CHANDRASEKERA, SBN 333672<br>tchandrasekera@cooley.com<br>MICHAEL B. MORIZONO, SBN 359395<br>mmorizono@cooley.com<br>3 Embarcadero Center, 20th Floor<br>San Francisco, CA 94111<br>Telephone:    (415) 693-2000<br><br>Attorneys for Plaintiff<br>SAN FRANCISCO UNIFIED<br>SCHOOL DISTRICT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO UNIFIED SCHOOL DISTRICT; CITY OF SANTA FE,<br><br>                 Plaintiffs,<br><br>         vs.<br><br>AMERICORPS (a.k.a. the CORPORATION FOR NATIONAL AND COMMUNITY SERVICE); JENNIFER BASTRESS TAHMASEBI in her official capacity as Interim Agency Head of AmeriCorps,<br><br>                 Defendants. | Case No. 3:25-cv-02425-EMC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND ISSUING PERMANENT INJUNCTION**<br><br>Date:     May 14, 2026<br>Time:    1:30 p.m.<br>Place:    Courtroom 5, 17th Floor |

**[PROPOSED] ORDER AND PERMANENT INJUNCTION**

Upon consideration of Plaintiffs' motion for summary judgment, all documents submitted in support and opposition of the same, and all written and oral arguments in support and opposition of the same, it is hereby **ORDERED, DECLARED**, and **ADJUDGED** as follows:

1. Plaintiffs' Motion for Summary Judgment is GRANTED;

2. The directive issued to all AmeriCorps grant recipients on February 13, 2025, entitled "Executive Order Compliance Instructions" (the "AmeriCorps Directive"), is unconstitutional as a violation of the Spending Clause and the Separation of Powers principle, and unlawful under the Administrative Procedure Act (5 U.S.C. § 706(2)) as arbitrary and capricious, contrary to the U.S. Constitution, and in excess of statutory authority;

3. The AmeriCorps Directive is VACATED pursuant to 5 U.S.C. § 706;

4. The following Executive Orders (together, the "Challenged Executive Orders") impose no legal obligations on Plaintiffs because they are directed solely to executive agencies and officials:

    a. Exec. Order No. 14,168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8,615 (Jan. 20, 2025),

    b. Exec. Order No. 14,151, *Ending Radical and Wasteful Government DEI Programs and Preferencing*, 90 Fed. Reg. 8,339 (Jan. 20, 2025),

    c. Exec. Order No. 14,173, *Ending Illegal Discrimination and Restoring Merit-Based Opportunity*, 90 Fed. Reg. 8,633 (Jan. 21, 2025),

    d. Exec. Order No. 14,154, *Unleashing American Energy*, 90 Fed. Reg. 8,353 (Jan. 20, 2025);

5. In considering grant applications from Plaintiffs, whether for a continuation grant under existing grant cycles or any other future grants awarded by AmeriCorps, Defendants shall not withhold funds from or deny grants to Plaintiffs on the basis of the AmeriCorps Directive, the Challenged Executive Orders, Plaintiffs' compliance or lack thereof with any executive order signed after the execution of Plaintiffs' grant agreements, or any grant amendments purporting to incorporate any such executive order;

PROPOSED ORDER
CASE NO. 3:25-cv-02425-EMC

2

6. Defendants shall not deny, pause, freeze, impede, block, cancel, or terminate any existing grant on the basis of Plaintiffs' continued operation of their AmeriCorps-funded programs as originally approved;

7. Defendants shall not deny, pause, freeze, impede, block, cancel, or terminate any grant or grant application from Plaintiffs on the basis of Plaintiffs' present or future failure to certify compliance with the Challenged Executive Orders or any executive orders issued on or after January 20, 2025;

8. Defendants shall not deny, pause, freeze, impede, block, cancel, or terminate any grant or grant application from Plaintiffs on the basis of Plaintiffs' present or future failure to certify that their programs do not include any "activities that promote DEI activities" or similar requirements regarding diversity, equity, inclusion, and accessibility;

9. Defendants are permanently ENJOINED from modifying, or requiring Plaintiffs to modify, the terms of any of Plaintiffs' extant federal grants and contracts to comply with the AmeriCorps Directive or similar conditions, or adding, or requiring Plaintiffs to add, any terms to forthcoming grants and contracts predicated on the AmeriCorps Directive or similar conditions;

10. Defendants are permanently ENJOINED from requiring Plaintiffs to make any certification or other representation related to compliance with the AmeriCorps Directive, Challenged Executive Orders, or similar conditions;

11. Defendants are permanently ENJOINED from otherwise enforcing the AmeriCorps Directive, in form or substance, against Plaintiffs; and

12. Defendants and their representatives, successors, employees, agents, and partners are permanently ENJOINED from initiating any investigations of Plaintiffs under the authority of the AmeriCorps Directive, and specifically from publishing or making any list of Plaintiffs as targets of investigation as mandated by Executive Order 14,173.

1    **IT IS SO ORDERED.**

2

3    Dated: _____

4                                              _____
                                               THE HON. EDWARD M. CHEN
                                               UNITED STATES DISTRICT JUDGE