DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 175394
Chief Deputy City Attorney
MOLLIE M. LEE, SBN 251404
Chief of Strategic Advocacy
SARA J. EISENBERG, SBN 269303
Chief of Complex and Affirmative Litigation
MOLLY J. ALARCON, SBN 315244
Deputy City Attorney
Fox Plaza
1390 Market Street, 7th Floor
San Francisco, CA 94102-5402
Telephone: (415) 554-3894
Facsimile: (415) 437-4644
E-Mail: molly.alarcon@sfcityatty.org

*Attorneys for Plaintiff*
SAN FRANCISCO UNIFIED
SCHOOL DISTRICT

[*Additional counsel on signature page*]

COOLEY LLP
BENEDICT HUR (224018)
(bhur@cooley.com)
SIMONA AGNOLUCCI (246943)
(sagnolucci@cooley.com)
EDUARDO SANTACANA (281668)
(esantacana@cooley.com)
THILINI CHANDRASEKERA (333672)
(tchandrasekera@cooley.com)
MICHAEL MORIZONO (359395)
(mmorizono@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Plaintiff*
SAN FRANCISCO UNIFIED
SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SAN FRANCISCO UNIFIED SCHOOL DISTRICT; CITY OF SANTA FE,

Plaintiffs,

v.

AMERICORPS (a.k.a. the CORPORATION FOR NATIONAL AND COMMUNITY SERVICE); JENNIFER BASTRESS TAHMASEBI in her official capacity as Interim Agency Head of AmeriCorps,

Defendants.

Case No. 3:25-cv-02425-EMC

**JOINT CASE MANAGEMENT STATEMENT**

Date: October 27, 2026
Time: 1:30 p.m.
Judge: Hon. Edward M. Chen

Trial Date: Not Yet Set
Date Action Filed: March 10, 2025

The parties hereby submit the following joint case management statement in advance of the status conference scheduled for October 27, 2026:

**1. Jurisdiction and Service**

The parties agree that this Court has personal jurisdiction over Defendants, and that both Defendants have been properly served. Regarding subject matter jurisdiction, Defendants contended that exclusive jurisdiction lies in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491. The Court decided it has subject matter jurisdiction over this action in its April 23, 2025 Order on Subject Matter Jurisdiction (Dkt. No. 48). Defendants contend in their cross-motion for summary judgment that this Court now lacks subject matter jurisdiction because there is no Article III case or controversy due to Defendants' actions to moot the case and because some of the grants underlying this case have already expired (and the grant recipients have already received all grant funding awarded pursuant to those expired grants) (Dkt. No. 81). Plaintiffs disagree that this matter is moot. (Dkt. No 85 at 1-8.)

**2. Facts**

Plaintiffs San Francisco Unified School District and the City of Santa Fe, New Mexico allege that Defendant AmeriCorps, a federal agency that provides grant funding to Plaintiffs, issued new grant conditions on February 13, 2025, which applied to Plaintiffs' AmeriCorps grants. Plaintiffs allege that these grant conditions require Plaintiffs to certify that they comply with all new presidential executive orders issued by the Trump Administration and that Plaintiffs do not engage in "activities that promote DEI activities." Defendants argue that to the extent the conditions remain in effect, they are not new, but instead are instructions for complying with already-imposed conditions regarding executive orders.

**3. Legal Issues**

Plaintiffs allege that the conditions requiring Plaintiffs' compliance with new executive orders and prohibiting "activities that promote DEI activities" violate the separation of powers (Count I), violate the Spending Clause (Count II), and violate the Administrative Procedure Act (APA) because they are arbitrary and capricious (Count III), contrary to the constitution (Count IV), and in excess of statutory authority (Count V). Plaintiffs also seek declaratory relief (Count

VI). Defendants contend that Plaintiffs are not injured by the new conditions and that Defendants have stopped attempting to impose them, and that therefore this Court lacks subject matter jurisdiction over this action. Alternatively, Defendants contend that the new conditions satisfy Constitutional standards and do not violate the APA, or are not final agency action, or are unreviewable because they are committed to agency discretion.

**4. Motions**

Plaintiffs filed a Motion For A Temporary Restraining Order And Order To Show Cause Why A Preliminary Injunction Should Not Issue on March 11, 2025 (Dkt. No. 18), one day after filing their Complaint (Dkt. No. 1). The Court issued a Temporary Restraining Order on March 31, 2025 (Dkt. No. 33), which remained in effect until the Court ruled on the preliminary injunction (Dkt. No. 37). On April 23, 2025, the Court issued an Order on Subject Matter Jurisdiction explaining its determination that it has subject matter jurisdiction over Plaintiffs' claims (Dkt. No. 48). On April 29, 2025, Defendants filed a Response To Order To Show Cause And Opposition To A Preliminary Injunction (Dkt. No. 49). On March 13, 2025, Plaintiffs filed a Reply in Support of Motion for Preliminary Injunction (Dkt. No. 50). A hearing on Plaintiffs' motion for preliminary injunction was held on May 30, 2025 at 9:00 a.m., the same morning as the case management conference. On June 18, 2025, the Court issued its Order Granting Plaintiffs' Motion For a Preliminary Injunction (Dkt. No. 59).

The parties subsequently submitted cross-motions for summary judgment, which are now fully briefed. Plaintiffs filed a Motion For Summary Judgment; Memorandum Of Points And Authorities In Support Of Motion For Summary Judgment on January 9, 2026 (Dkt. No. 77). Defendants submitted an Opposition To Plaintiffs' Motion For Summary Judgment And Defendants' Notice of Motion And Cross-Motion For Summary Judgment; Memorandum of Points and Authorities on February 18, 2026 (Dkt. No. 81). On March 19, 2026, Plaintiffs filed a Reply In Support Of Motion For Summary Judgment And Opposition To Defendants' Cross-Motion For Summary Judgment (Dkt. No. 85). A hearing on the parties' cross-motions for summary judgment was scheduled for May 14, 2026 at 1:30 p.m. (Dkt. No. 76) and reset by the Court to May 15, 2026 at 9:00 a.m. (Dkt. No. 86).

On May 1, 2026, the parties requested that the Court continue the scheduled May 15, 2026 hearing on their cross-motions for summary judgment so that the parties could participate in a settlement conference with a magistrate judge (Dkt. No. 90). *See* #12, below.

**5. Amendment of Pleadings**

The parties do not anticipate any amended pleadings at this time.

**6. Evidence Preservation**

Defendants filed an administrative record (Dkt. No. 70) and a supplemental administrative record (Dkt. No. 80). Neither party has sought or intends to seek traditional discovery in this matter at this time. Prior to the last case management conference, the parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence.

**7. Disclosures**

The parties have agreed that because this matter falls under Local Rule 16-5, they remain exempt from the initial disclosures requirement of Fed. R. Civ. P. 26.

**8. Discovery**

Prior to filing the parties' cross-motions for summary judgment, no party engaged in traditional discovery in this matter. See also #6, above.

**9. Class Actions**

Not applicable.

**10. Related Cases**

The parties are not aware of any related cases.

**11. Relief**

Plaintiffs prayed for the following relief regarding the new conditions (the "AmeriCorps Directive"):

1. A declaration that the AmeriCorps Directive is unconstitutional and invalid;

2. A declaration that Defendants cannot withhold Plaintiffs' AmeriCorps funds on the basis of the AmeriCorps Directive, any executive order signed after the execution date of

Plaintiffs' grant agreements, or any grant amendments purporting to incorporate those executive orders;

3. A declaration that the Anti-Gender Order, the Jan. 20 Anti-DEI Order, the Jan. 21 Anti-DEI Order, and Unleashing American Energy do not impose any obligations on Plaintiffs because they are directed solely to executive agencies and officials;

4. An order vacating the AmeriCorps Directive under 5 U.S.C. § 706;

5. An order directing Defendants to restore the original grant conditions for Plaintiffs' AmeriCorps grants;

6. A preliminary and permanent injunction enjoining Defendants from taking any steps to implement or enforce AmeriCorps Directive;

7. A preliminary and permanent injunction enjoining Defendants from taking any steps to implement or enforce the new grant conditions;

8. Award the Plaintiffs reasonable costs and attorneys' fees; and

9. Grant any other further relief that the Court deems fit and proper.

Defendants contend that Plaintiffs are not entitled to any relief and seek judgment in Defendants' favor.

**12. Settlement and ADR**

On May 1, 2026, the Parties stipulated to continue the hearing on the parties' cross-motions for summary judgment and to request referral to a magistrate judge for a settlement conference. The Court granted that request on May 4, 2026, referring the case to Magistrate Judge Lisa J. Cisneros and taking the summary judgment hearing off calendar (Dkt. No. 91).

Following preliminary telephonic conferences with Judge Cisneros in June 2026, the Parties met with Judge Cisneros for a settlement conference on August 19, 2026. The case did not settle at that conference, but the Parties remain engaged with Judge Cisneros and agreed to follow up with her regarding proposed next steps.

The Parties continue to engage in settlement discussions, but are awaiting information that may inform settlement talks. The federal Office of Management and Budget is expected to issue further rules this fall or winter that the Parties expect may bear on their negotiations. On October

14, the Court set a telephonic status conference with Judge Cisneros for November 19, 2026 at 10:00 am (Dkt. No. 101).

**13. Other References**

Not applicable; this matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The parties believe that because the issues in this case are already fairly narrow legal questions capable of resolution on summary judgment, there would be little benefit to deciding any issue piecemeal.

**15. Scheduling**

The parties believe their continued settlement talks will be productive. Given the forthcoming OMB rules that will bear on the parties' negotiations of settlement terms (see #12, above) and uncertainty about precisely when those rules will issue, the parties agree that the hearing on the parties' cross-motions for summary judgment remain off-calendar to allow time for further settlement negotiations after the OMB rules issue.

**16. Trial**

The parties do not believe a trial is needed, as the issues in this case are capable of resolution via summary judgment.

**17. Disclosure of Non-party Interested Entities or Persons**

The parties are governmental entities and officials; therefore, Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not apply.

**18. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

The parties have no other matters to report.

DATED: October 22, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

Attorneys for Defendants

DATED: October 22, 2026

DAVID CHIU
City Attorney
City and County of San Francisco
YVONNE R. MERÉ
Chief Deputy City Attorney
MOLLIE M. LEE
Chief of Strategic Advocacy
SARA J. EISENBERG
Chief of Complex and Affirmative Litigation
MOLLY J. ALARCON
Deputy City Attorney

*/s/ Molly J. Alarcon*
MOLLY J. ALARCON
Deputy City Attorney

COOLEY LLP
Benedict Hur
Simona Agnolucci
Eduardo Santacana
Thilini Chandrasekera
Michael Morizono

Attorneys for Plaintiff
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

DATED: October 22, 2026

MARCOS D. MARTINEZ*
City Attorney City of Santa Fe, New Mexico
200 Lincoln Ave Santa Fe, NM 87501
505-955-6512
mdmartinez@santafenm.gov

Jill Habig, SBN 268770
Jonathan B. Miller*
Erin Monju*

Grace Lee*
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
jon@publicrightsproject.org

*/s/ Erin Monju*
ERIN MONJU

Attorneys for Plaintiff
CITY OF SANTA FE, NEW MEXICO

*Admitted pro hac vice

## ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the other signatories to this Stipulation and [Proposed] Order have concurred in the filing of the document.

DATED: October 22, 2026

*/s/ Molly J. Alarcon*
MOLLY J. ALARCON